CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 3 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RONALD EARL COLEMAN, )
)
    Petitioner, )     Case No. 7:10-cv-193
)
v. )     MEMORANDUM OPINION
)
GENE JOHNSON, )     By: Hon. Glen E. Conrad
)     Chief United States District Judge
    Respondent. )

The petitioner, Ronald Earl Coleman ("Coleman"), an inmate in a Virginia state prison,

filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent

filed a motion to dismiss, and the petitioner responded, making the matter ripe for resolution.

Upon review of the record, the court finds that the motion to dismiss must be granted.

I.    **Factual and Procedural Background**

On February 23, 2006, Coleman pled guilty in the Circuit Court of Rockingham County

to multiple robbery, abduction, assault and battery, and firearms charges arising out of a May

11, 2005 gunpoint robbery occurring at a Salvation Army store which had formerly employed

him. Coleman was subsequently granted leave to withdraw his guilty pleas, but eventually re-

entered pleas on six of the charges after the Court denied his motion to suppress various

eyewitness identification evidence. Coleman then moved the Court for leave to withdraw his

pleas a second time, but the Court denied the motion and sentenced him on October 27, 2006 to

a total of fifty-three years and thirty-six months of incarceration, with all but thirty-three years

suspended.

Coleman appealed the trial court's refusal to permit him to withdraw his guilty pleas to

the Court of Appeals of Virginia, which sided with the trial court in a published opinion. See

Coleman v. Commonwealth, 657 S.E.2d 164 (Va. App. 2008). The Supreme Court of Virginia refused to grant Coleman's petition for appeal and denied rehearing by an order dated September 18, 2008.

Coleman timely filed for a writ of habeas corpus in the state circuit court, alleging that, due to his counsel's alleged failure to interview material witnesses for an alibi defense, he was deprived of his Sixth Amendment rights to effective assistance of counsel and to compulsory process, and of his due process rights under the Fourteenth Amendment. The state circuit court denied and dismissed Coleman's state habeas petition on November 13, 2009, but analyzed only Coleman's ineffective assistance of counsel claim without explicitly deciding his compulsory process and due process claims.

Coleman then timely filed a notice of appeal in the state circuit court. On December 1, 2009, the clerk of the state circuit court sent Coleman a letter that read in its entirety: "We received your appeal on November 30th and the appeal will be sent to the Supreme Court of Virginia on February 13, 2010." (Traverse Br. Ex. 2.) Subsequently, Coleman failed to file a petition for appeal in the Supreme Court of Virginia. On April 19, 2010, the Virginia Supreme Court returned the record to the circuit court, given that "no petition for appeal has been filed and the time allowed by the law within which to do so has expired."

Coleman now brings this petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. Coleman's petition focuses on the same issues presented to the state habeas court; namely, whether he was denied his rights to effective assistance of counsel or compulsory process under the Sixth Amendment, or his Fourteenth Amendment right to due process when his trial attorney allegedly failed to interview potential alibi witnesses. (Pet. at 2-

2

3.)

## II. **Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which

Coleman proceeds, provides that a federal court may grant a state prisoner's habeas petition only

if the state court's adjudication "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States" or "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented at the State court proceeding." 28

U.S.C. § 2254(d); Booth-El v. Nuth, 288 F.3d 571, 575 (4th Cir. 2002). As the Supreme Court

has clarified, "an unreasonable application of federal law is different from an incorrect

application of federal law." Williams v. Taylor, 529 U.S. 362, 410 (2000) (emphasis in

original). Thus, "a federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly. Rather, that application must also be

unreasonable." Id. at 411. Moreover, because § 2254(d) mandates a "highly deferential standard

for evaluating state-court rulings," "state-court decisions [must] be given the benefit of the

doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002). Accordingly, "a determination on a

factual issue made by a State court shall be presumed correct," and the burden is on the

petitioner to rebut this presumption "by clear and convincing evidence." Tucker v. Ozmint, 350

F.3d 433, 439 (4th Cir. 2003).

Because the petitioner is proceeding pro se, his pleadings must be held "to less stringent

standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520

3

(1972). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to "allege anything that remotely suggests a factual basis for the claim." Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Similarly, "judges are not . . . required to construct a [pro se] party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993). Likewise, the court is not required to "attempt[] to divine the point" the litigant seeks to make about the specific facet of the criminal proceedings that he challenges. Id. Where the petitioner's motion, when viewed against the record, does not state a claim for relief, the court should summarily dismiss the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

A.    **Time Bar**

The respondent first urges the court to dismiss Coleman's claims as untimely. AEDPA imposes a one-year statute of limitations upon applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1). The limitation period begins to run at the conclusion of direct review, subject to certain statutory exceptions. See id. Moreover, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The respondent claims that Coleman's habeas petition is untimely because more than 365 days in which his state habeas claim was not pending have elapsed between the conclusion of direct review in his case and the filing of his petition in this court. According to the respondent, Coleman's direct appeals were finalized when the Virginia Supreme Court denied

rehearing of the case on September 18, 2008. Thus, the state court judgment was final as to Coleman on December 17, 2008—the expiration of the ninety-day time period in which Coleman could have appealed the Virginia Supreme Court's judgment to the United States Supreme Court. See SUP. CT. R. 13. There is no dispute that Coleman's state habeas petition was commenced on August 12, 2009—238 days after the state court judgment became final. Thus, Coleman had 127 days to file a § 2254 petition after the conclusion of his state habeas proceedings.

The respondent claims, however, that Coleman's state habeas petition was "pending" before the state courts for § 2244 purposes only until the time that the final judgment order was entered by the state circuit court on November 13, 2009. Granting Coleman an additional thirty days in which to note an appeal to the Virginia Supreme Court, the respondent claims that the remaining 127 days left for Coleman to file a petition under § 2254 were spent as of April 19, 2010. Because Coleman commenced the current petition only on April 26, 2010, the respondent argues that Coleman's petition is untimely.

Coleman, on the other hand, argues that his state habeas petition was pending before the state court during the time that he could have appealed the circuit court's November 13 decision, even though he failed to actually do so. Under Virginia Supreme Court Rule 5:17(a)(1), Coleman had ninety days in which to file a petition for appeal in the Virginia Supreme Court. See id. Thus, under Coleman's scenario, his state court habeas proceedings were pending until February 13, 2010, leaving him until June 20, 2010 to file a § 2254 petition.

On this issue, the court must agree with Coleman. In Carey v. Saffold, 536 U.S. 214 (2002), the United States Supreme Court explained that a state habeas proceeding remains

"pending" for purposes of § 2244(d)(2) in the interval "between a lower court's entry of judgment and the timely filing of a notice of appeal (or petition for review) in the next court." Id. at 219. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has observed in this context that "an application for state collateral review remains pending during the time to seek further review in the state courts, 'until the application has achieved final resolution through the State's post-conviction procedures.'" Rouse v. Lee, 339 F.3d 238, 244 (4th Cir. 2003) (en banc) (citing Saffold, 536 U.S. at 220). Thus, "under § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999) (emphasis added). See also Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002) (agreeing that an application "is 'pending' (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal.").

To be sure, the Fourth Circuit has held that the statute of limitations governing § 2254 petitions is not tolled in "the interval between [the deadline for seeking review in the lower court] and the filing of an appellate petition." Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001). Allen, however, spoke to circumstances in which a petitioner fails to file a notice of appeal in the lower court. Id. at 184. The court reasoned that, because this failure extinguishes the petitioner's ability to file a petition in the appellate court, the petition is not "pending" before the state court in the interval after the petitioner fails to file a notice of appeal and prior to any subsequent proceedings. Id. at 186 (agreeing with the view that "nothing is 'pending' for purposes of § 2244(d)(2) when the time for seeking review has elapsed.") (emphasis added); see

6

also id. ("Allowing tolling after the [deadline to file a notice of appeal] expires does not promote exhaustion of state remedies, because a prisoner ordinarily has no remedies available at that point.").

In the instant case, by contrast, there is no dispute that Coleman timely noted an appeal in the state circuit court, thereby triggering the deadline for filing a petition established in Rule 5:17(a)(1). Because Coleman could have pursued state law remedies until the conclusion of that deadline, Allen does not preclude a finding that his petition was still pending before the state court until that time. See Williams, 299 F.3d at 983; Taylor, 186 F.3d 561. In short, because Coleman successfully met the first filing deadline, his petition remained pending before the state court until the expiration of the next filing deadline. See ids. Accordingly, the court concludes that Coleman's § 2254 petition was timely filed.

B.    **Procedural Default**

The respondent also argues that Coleman has procedurally defaulted his claims by failing to properly present them to the highest available state court. Under AEDPA, a federal court generally cannot grant a writ of habeas corpus for a petitioner who is in custody pursuant to the judgment of a state court unless the petitioner has exhausted the remedies available in the courts of that state. 28 U.S.C. § 2254(b)(1)(A). In order to have exhausted his claims in state court, the petitioner must have "fairly presented" each federal claim to the highest state court. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). If the petitioner has not done so, his claims are procedurally defaulted in federal court. See Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim

may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485, 496 (1986)).

Coleman concedes that his failure to perfect his appeal in the Virginia Supreme Court has procedurally defaulted his claims. (Traverse Br. at 2-3.) He argues, however, that he can overcome the procedural default by a showing of cause for his default and prejudice resulting therefrom. The cause and prejudice standard requires Coleman to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue on direct review, Coleman v. Thompson, 501 U.S. 722, 753 (1992), but also that the error he alleges "worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982).

      1.    Cause

Coleman explains that the cause for his failure to submit a petition for appeal was his erroneous interpretation of the correspondence sent to him by the clerk's office of the state circuit court. The state circuit court informed Coleman in a one-sentence letter dated December 1, 2009, that it had "received your appeal on November 30th and the appeal will be sent to the Supreme Court of Virginia on February 13, 2010." (Traverse Br. Ex. 2.) Coleman claims that he believed this correspondence to be informing him that he could not submit his petition for appeal to the Supreme Court until February 13. In actuality, however, February 13 was the final day of the three-month period in which it was possible for him to file an appeal with the Court. See VA. SUP. CT. R. 5:17.

While the letter at issue is certainly not the model of clarity, the court is not convinced that Coleman's misinterpretation of the circuit court clerk's correspondence constitutes

sufficient cause to excuse his default. As Carrier explained, "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." 477 U.S. at 488. For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute cause under this standard." Id.

Under this standard, Coleman cannot demonstrate sufficient cause to excuse his default simply by pointing out his own interpretive errors or legal ignorance. Indeed, "'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." Coleman, 501 U.S. at 753. In Coleman, for example, the habeas petitioner's counsel had inadvertently missed a filing deadline with respect to the petitioner's state habeas proceedings and thereby defaulted his entire state collateral appeal. Id. at 749. The Court held that the petitioner's reliance on his attorney—who negligently caused the default of his federal habeas claims—did not excuse the procedural default: "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." Id. at 753.

Likewise, Coleman's unfamiliarity with the law cannot constitute the requisite cause even where it is paired with reliance on arguably ambiguous court correspondence. As the Coleman court explained, "[a]s between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules" in state post-conviction proceedings. Coleman, 501 U.S. at 754. See, e.g., Barnhart v. Kyler, 318 F. Supp. 2d 250, 260

(M.D. Pa. 2004) (petitioner's misinterpretation of state appellate procedure did not establish cause for default).

Moreover, even if the letter was ambiguous, it certainly did not make Coleman's compliance with the applicable appellate procedural rules "impracticable." Carrier, 477 U.S. at 488. The clerical ambiguity did not restrain Coleman's access to the state court system or him to give up efforts to vindicate his rights; he simply construed the letter as a statement enabling him to sink into inaction and then neglected to clarify whether his assumption was correct, even though he had three months in which to do so. Moreover, there is no question that Coleman believed that it was permissible for him to file a petition for appeal with the Court on February 13, 2010. Yet he has identified no reason to believe that anything precluded him from doing so. Because a filing on this date would have been squarely within the time-frame enunciated by Rule 5:17, his misinterpretation of the clerk's correspondence cannot be said to have caused him to miss the deadline.

### 2.    Prejudice

Even to the extent that the ambiguity of the clerk's letter could constitute cause for Coleman's default inasmuch as it precipitated his failure to perfect his appeal, Coleman's petition must still fail for want of prejudice. See Frady, 456 U.S. at 170. In order to demonstrate sufficient prejudice to overcome his procedural default, Coleman must convince the court "that there is a reasonable probability that the result of the [proceeding] would have been different." Strickler v. Greene, 527 U.S. 263, 289 (1999). See also Banks v. Dretke, 540 U.S. 668, 699 (2004) ("In short, [the petitioner] must show a reasonable probability of a different result.").

Coleman cannot do so here. As explained earlier, AEDPA directs that a federal court

may grant a state prisoner's habeas petition only if the state court's decision involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d); Booth-El, 288 F.3d at 575 (4th Cir. 2002).

The court has reviewed the state circuit court's resolution of Coleman's ineffective assistance claim and cannot conclude that it involved an unreasonable application of the standard established in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Coleman must show both that his counsel's performance was deficient and that he was prejudiced as a result. See id. at 689, 694. Because he alleges ineffective assistance with respect to his entry of a guilty plea, Coleman can satisfy the prejudice requirement only by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, the state circuit court explicitly found that Coleman's counsel had personally investigated the alibi witnesses identified by Coleman, traveling to Newport News, Virginia to speak with his sister and brother regarding his whereabouts on May 11, 2005. The Court found that Coleman's sister told counsel that she was certain that he had been at her home only on May 13, 2005; his brother could not remember the day or even the week in May that Coleman had visited him. The Court also found that Coleman did not express any concern at his guilty plea hearing or at the hearing on his motion to withdraw his plea that his proposed alibi witnesses had not been called; that Coleman's brother has never precisely indicated how his testimony would have assisted Coleman; and that the lack of affirmative evidence in Coleman's favor was particularly significant in light of the evidence against him—including the eyewitness testimony of the victims, who recognized Coleman as their assailant because he had previously

11

been a co-employee with them.

A review of the relevant transcripts and proceedings has convinced this court that the state habeas court's findings were not "based on an unreasonable determination of the facts" before it. 28 U.S.C. § 2254(d); see also Woodford, 537 U.S. at 24. Certainly, Coleman has not made any serious effort to rebut the presumptive accuracy of the state court's fact-finding. See Tucker, 350 F.3d at 439. Reviewing the Court's decision under the deference it is due, this court cannot conclude that the state circuit court was unreasonable in ruling that the conduct of Coleman's counsel "might be considered sound trial strategy" and that it did not likely affect the result of the proceeding. Strickland, 466 U.S. at 689, 694.

Coleman's compulsory process and due process claims are similarly doomed. To begin with, his compulsory process claim is subsumed by his ineffective assistance claim, given that the absence of testimony from his alibi witnesses was effected by his own counsel's decision, not by fiat of the court or interference of the prosecution. See United States v. Theresius Filippi, 918 F.2d 244, 247 (1st Cir. 1990) ("In order for the right [to compulsory process] to be violated the sovereign's conduct must impermissibly interfere with the right to mount a defense. The contested act or omission must be attributable to the sovereign, and it must cause the loss or erosion of material testimony which is favorable to the accused."). Cf. Daniels v. Lee, 316 F.3d 477, 488-89 (4th Cir. 2003) (determining a compulsory process claim on its merits where the trial court had excluded the testimony of one of the defendant's witnesses); United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999) (the prosecution's "threatening a witness with prosecution and comment about the absence of a witness who has a privilege not to testify are a violation of the Sixth Amendment right of a defendant to obtain witnesses in his favor."). In

other words, Coleman's counsel waived Coleman's right to compulsory process with respect to the alibi witnesses by deciding not to call them. See Theresius Filippi, 918 F.2d at 247 ("[W]ere it not for the decision of counsel to proceed at trial without [the material witness], this court would conclude that the Sixth Amendment had been violated."). Coleman can challenge this decision only by claiming that this choice rendered his counsel unconstitutionally effective—a claim which must fail for the reasons previously mentioned.[1]

As for his due process claim, Coleman appears to be simply advancing a generalized argument that he was not treated with "that fundamental fairness essential to the very concept of justice." United States v. Valenzuela-Bernal, 458 U.S. 858, 872 (1982). For him to prevail on such a claim, however, the court must conclude "that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." Id. In circumstances where a criminal defendant complains that favorable evidence was unfairly absent from the criminal proceedings, at minimum, "the same materiality requirement obtains with respect to a due process claim" as to a compulsory process claim. Id. In this context, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987). "A 'reasonable probability' is a probability sufficient to

---

[1] In any event, "more than the mere absence of testimony is necessary to establish a violation of the right [to compulsory process." United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). Instead, Coleman "must at least make some plausible showing of how [the excluded witnesses'] testimony would have been both material and favorable to his defense." Id. Given that "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," and that "[a] 'reasonable probability' is a probability sufficient to undermine confidence in the outcome," Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987), it is evident that, for the reasons outlined in the state circuit court's resolution of his ineffective assistance claim, Coleman cannot make the requisite showing with respect to the alibi witnesses whose testimony he desired. See Tucker, 350 F.3d at 439 ("[A] determination on a factual issue made by a State court shall be presumed correct," and the burden is on the petitioner to rebut this presumption "by clear and convincing evidence.").

undermine confidence in the outcome." Id. For the reasons outlined in the state circuit court's resolution of his ineffective assistance claim, it is evident that Coleman cannot make the requisite showing with respect to the alibi witnesses whose testimony he desired. See Tucker, 350 F.3d at 439 ("[A] determination on a factual issue made by a State court shall be presumed correct," and the burden is on the petitioner to rebut this presumption "by clear and convincing evidence.").

Accordingly, the court concludes that Coleman has failed to show cause and prejudice excusing his procedural default. See Strickler v. Greene, 527 U.S. 263, 289-90 (1999). As Coleman has not attempted to argue that he is "actually innocent" of the crimes for which he was convicted, see Bousley, 523 U.S. at 622, his claims must be dismissed as procedurally defaulted.

## IV.    **Conclusion**

For these reasons, the respondent's motion to dismiss will be granted.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or of this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the

14

Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and to counsel of record for the respondent.

ENTER: This 10th day of December, 2010.

_____
Chief United States District Judge